UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRUMLY,<br><br>  Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. 13-cv-02969-WHO<br><br>**ORDER DENYING MOTION FOR RELIEF**<br><br>Re: Dkt. No. 21 |

Plaintiff Robert Crumly filed a Motion for Relief from this Court's November 21, 2013, Order dismissing his case for failure to prosecute. Docket No. 21. The Motion for Relief is currently set for hearing on January 22, 2014. The Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Civil Local Rule 7-1(b).

On October 11, 2013, the Court adopted the Report and Recommendation of Magistrate Judge Spero, concluded that plaintiff's complaint failed to state any cause of action, and dismissed the complaint with leave to amend. Docket No. 15. Mr. Crumly was told what was missing from his complaint. For example, he needed to identify the specific decision of the Social Security Administration that he wanted to challenge and show that the challenged decision was final. And if he intended to state fraud or other tort claims against the Social Security Administration, he needed to allege facts showing he had submitted a claim under the Federal Torts Claims Act. Docket No. 11 at 8-10. The Court warned Mr. Crumly that he needed to file an Amended Complaint by November 8, 2013, or else the Court would dismiss his case for failure to prosecute. Docket No. 15 at 2-3.

On October 18, 2013, the Court ordered that Mr. Crumly be given another copy of Judge Spero's Order, and reminded Mr. Crumly of his obligation to file an Amended Complaint by November 8, 2013. Docket No. 16.

Mr. Crumly did not file an Amended Complaint by November 8, 2013, and did not

communicate with the Court or explain why he could not meet that deadline. On November 21, 2013, the Court dismissed this case for failure to prosecute. Docket No. 19.

Mr. Crumly now asks the Court to reinstate his case, arguing that he should not have been required to respond to the frivolous and erroneous Report and Recommendation and arguing that his complaint is "clear."

Under Federal Rule of Civil Procedure 59(e), it is appropriate to alter or amend a judgment "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation omitted).[1] None of these factors is present here.

Mr. Crumly was given clear direction on what was missing from his complaint and repeatedly told that he needed to file an amended complaint by November 8, 2013. He did not comply with the Court's orders and has not, even as of this date, attempted to file an amended complaint or explain how he can address the problems identified with his initial complaint.

The Motion for Relief is DENIED. The Court notes that this case was dismissed WITHOUT PREJUDICE. Mr. Crumly is free to file a new case against the Social Security Administration. However, any new complaint must correct the deficiencies previously identified in order to state a claim.

**IT IS SO ORDERED**.

Dated: January 15, 2014

WILLIAM H. ORRICK
United States District Judge

---

[1] Similarly, Rule 60(b) provides for reconsideration of a court order where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *See* Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981). None of the factors justifying reconsideration are present.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRUMLY,<br><br>           Plaintiff,<br><br>   v.<br><br>SOCIAL SECURITYY ADMINISTRATION,<br>et al,<br><br>           Defendant. | Case Number: CV13-02969 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Robert Crumly
P.O. Box 11406
Berkeley, CA 94712

Dated: January 15, 2014

Richard W. Wieking, Clerk
   By: Jean Davis, Deputy Clerk